PER CURIAM.
This disciplinary proceeding by The Florida Bar against Terrence E. Rosenberg, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
Having considered the pleadings and evidence, the referee found as follows:
“On January 31, 1979 The Florida Bar filed a complaint in three counts, charging the respondent TERRANCE E. ROSENBERG with various violations of the Disciplinary Rules of the Code of Professional Responsibility. Counts I and II of the complaint relate to actions of the respondent while he was counsel of record for a defendant in a case then pending in the Circuit Court of the 11th Judicial Circuit of Florida, Case No. 76-39365, styled SIDNEY J. GOODMAN and MILTON FRIEDMAN, plaintiffs, vs. HORIZON MANAGEMENT CORPORATION, et al., defendants. The case was a real estate mortgage foreclosure in which the respondent represented the defendant HORIZON MANAGEMENT CORPORATION. Count I alleges that the respondent initiated four different appeals during the course of the litigation and then either voluntarily dismissed the appeal or allowed them to be dismissed on the Court’s own motion for failure of the appellant to pay the required filing fee. The ultimate allegation of Count I is that by virtue of the acts taken in connection with the various appeals, the respondent was guilty of asserting a position, conducting a defense, delaying a trial or taking other action on behalf of his client when he knew or when it was obvious that such action would serve merely to harrass or maliciously injure another, in violation of Disciplinary Rule 7-102(A)(l) of the Code of Professional Responsibility. Count II alleges that the respondent appeared as the deponent for the defend *936 ant HORIZON MANAGEMENT CORPORATION at a deposition while continuing to represent the defendant HORIZON MANAGEMENT CORPORATION as its attorney. It is alleged that the respondent’s continued role as counsel for HORIZON MANAGEMENT CORPORATION after he learned or it became obvious that he ought to be called as a witness on behalf of his client in the ease was in violation of Disciplinary Rule 5-102(A) of the Code of Professional Responsibility. The matters alleged in Count III of the complaint arise out of the respondent’s actions while he was counsel of record for the plaintiff in the Circuit Court of the 11th Judicial Circuit of Florida, Case No. 78-536, styled TIP-PY, INC., v. JACK DURANT et al. In that instance it is alleged that the respondent, after having received a Notice of Appearance from opposing counsel in the case, filed various pleadings, including a Motion for Default and two motions for Final Judgment which had either no certificate of service on opposing counsel or contained certificates of service but which were never mailed or otherwise delivered to opposing counsel. By reason of his acts, the respondent is charged with conduct which adversely reflects on his fitness to practice law in violation of Disciplinary Rule 1-102(A)(6) of the Code of Professional Responsibility and of failing to comply with known local customs of courtesy or practice without giving opposing counsel timely notice of his intent not to comply and of intentionally and habitually violating established rule or procedure, all in violation of Disciplinary Rule 7-106(C)(5) and (7) of the Code of Professional Responsibility.
Prior to final hearing in the case the respondent had admitted all of the material factual allegations of all three counts of the complaint. The only allegations of the complaint which were denied were those which actually charged specific violations of disciplinary rules. In addition to the admissions in the file the referee considered the transcripts of two hearings previously held concerning the matters alleged in the complaint before Grievance Committee “E” of the 11th Judicial Circuit held on October 26, 1978, wherein testimony of the complaining witnesses and of the respondent was taken.
The cause came on for final hearing before the Referee on November 7, 1979. The respondent attended by his counsel was present at the hearing. The Referee took the testimony of Norman Silver, Esq., complaining witness with regard to the allegations of Count III. In addition, various notices of appeal and pleadings in both cases were marked and admitted into evidence.
Based on the respondent’s admissions, the testimony of the complaining witnesses and the respondent, and the exhibits marked into evidence at the hearing, the Referee finds that the substantive facts which underlie this complaint are stated accurately and truly in the complaint and are incorporated herein verbatim as the Referee’s Findings of Fact for purposes of this report. Specifically, the Referee finds the facts as stated in paragraphs 1 through 23 of Count I, 25 through 30 of Count II, and 32 through 42 of Count III are true.
The referee recommends that respondent be found guilty of violation of Disciplinary Rules 7-102(A)(l) and 7-106(C)(7) of the Code of Professional Responsibility and recommends that respondent receive a public reprimand.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Terrence E. Rosenberg, is hereby publicly reprimanded, and the publication of this order and judgment shall constitute a public reprimand.
Execution is hereby directed to issue against respondent for costs in the amount of $483.50.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.